UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No.: 8:11-bk-04548-MGW
                                                          Chapter 7
Protech Coating Services, Inc.,

      Debtor.
_____/

### ORDER AND MEMORANDUM OPINION ON
### JOINT MOTION TO COMPROMISE CONTROVERSY

A bankruptcy court should only approve a compromise when it is fair and equitable and in the best interest of the estate. Here, the Chapter 7 Trustee has compromised a wrongful death claim pending against the Debtor in state court on the following terms: the Trustee consents to stay relief to allow the personal representative of the decedent's estate to obtain a $2 million consent judgment against the Debtor; the personal representative agrees not to seek any distribution from the estate on his claim; and the Trustee agrees to assign any claims the estate may have against the Debtor's insurance broker and insurer to the personal representative for $2,000.

The Debtor's broker and insurer are the only parties who have objected to the compromise. Neither the broker nor the insurer, however, have standing to challenge the compromise. And even if they did, the bases of their objections—that the amount of the consent judgment is not reasonable and that the personal representative does not have authority to settle the claim—are not for this Court's consideration. Those issues are left to the state court. Because the Court otherwise finds the compromise fair and reasonable, the Court concludes that the compromise should be approved.

<u>Background</u>

Before filing for bankruptcy, the Debtor was a defendant in a state court wrongful death lawsuit brought by Ronald Ellett, the personal representative of Darrell T. Ellett's estate. Darrell Ellett was killed in a car accident involving Raymond Roths, one of the Debtor's employees. Ellett alleges in the state court action that Roths was negligent and that the Debtor is vicariously liable for his negligence.

Comegys Insurance Agency and Mercury Insurance Company are parties to the wrongful death lawsuit. According to the Debtor, it contracted with Comegys for advice regarding insurance coverage concerns and to help the Debtor procure insurance to cover the Debtor for the negligence of its joint venturers, employees, and contractors. And Mercury is the company that Comegys procured insurance from on the Debtor's behalf. Mercury intervened in the state court wrongful death action seeking a declaration that it has no duty to defend or indemnify the Debtor for Ellet's claims. The Debtor claims Comegys was negligent in procuring the insurance from Mercury. While the state court wrongful death claim was pending, the Debtor filed for bankruptcy. As a consequence, the wrongful death claim against the Debtor has been stayed, and the Debtor's potential claims against Comegys and Mercury are now property of the estate.

Ellett and the Trustee have agreed to compromise Ellett's claim against the Debtor.[1] Under the terms of the parties' compromise, Ellett will be granted stay relief to obtain an agreed judgment against the Debtor in the amount of $2 million. After entry of that judgment, the Trustee has 30 days to assign any rights it has against Comegys and Mercury to Ellett for $2,000.

---

[1] Doc. No. 82-1.

In exchange, Ellett agrees not seek any distribution from the bankruptcy estate. The Trustee and Ellett now seek the Court's approval of that compromise.[2]

Comegys and Mercury object principally for three reasons.[3] First, they say the compromise is really a sale under Bankruptcy Code § 363.[4] Second, they say the proposed $2 million judgment is not representative of Ellett's actual damages and fails to take into account significant defenses that are available.[5] Third, they say the Debtor does not have the authority to settle the wrongful death claim absent Mercury's consent since Mercury has provided a defense—albeit under a reservation of rights.[6]

Conclusions of Law[7]

The objections by Comegys and Mercury raise a threshold issue: do Comegys and Mercury have standing to object to the proposed compromise? After all, neither is a creditor in this case. And, non-creditors ordinarily do not have standing to object to a compromise.[8] Comegys and Mercury do not cite any legal authority for the proposition that a non-creditor has standing to object to a motion to compromise. Instead, they simply allege in their objections that they have standing as "parties in interest."

---

[2] Doc. No. 82.

[3] Doc. Nos. 84 & 86.

[4] Doc. No. 84 at 4; Doc. No. 86 at 3.

[5] Doc. No. 84 at 5; Doc. No. 86 at 3.

[6] Doc. No. 84 at 5; Doc. No. 86 at 3.

[7] The Court has jurisdiction over this contested matter under section 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

[8] *See In re Bicoastal Corp.*, 164 B.R. 1009, 1011 (Bankr. M.D. Fla. 1993) (Paskay, J.) (holding that "in their individual capacities, [Orr and Bilzerian] are not creditors of the Debtor, and therefore, have no standing to assert an objection to the Compromise and Sale").

Bankruptcy Code § 1109 says a "party in interest . . . may raise and may appear and be heard on any issue" in a bankruptcy case.[9] According to Comegys and Mercury, the term "party in interest" has been "interpreted to mean 'anyone who has a legally protected interest that could be affected by a bankruptcy proceeding.'"[10] Comegys and Mercury claim the proposed compromise in this case affects their "legally protected interest."

But how? The proposed compromise essentially leaves the state court wrongful death action unchanged. This Court routinely grants stay relief to personal injury or wrongful death creditors to pursue insurance proceeds. If the Court does not approve the compromise, Ellett would be free to obtain a judgment against the Debtor (after first obtaining stay relief) and pursue recovery of that judgment against Mercury. And the Trustee could pursue the claim against Comegys on the estate's behalf. The same is true after the compromise, except that it is Ellett—not the Trustee—that is pursuing the claim against Comegys. The only difference is that the Trustee and Ellett have stipulated to the amount of the judgment as part of the compromise.

And that leads to the real basis of the objection: All of the parties acknowledge that the state court must determine whether the proposed $2 million consent judgment is fair and reasonable. Comegys and Mercury are concerned that the state court will rely on the Court's ruling on the Trustee's motion to compromise in making that determination. While that concern is understandable, it reflects a misunderstanding of this Court's role in approving the compromise.

It is not the role of this Court to determine whether $2 million is a fair and reasonable settlement of the wrongful death claim. Approval of the parties' compromise only (i) grants

---

[9] 11 U.S.C. § 1109(b).

[10] Doc. No. 84 (citing *In re Global Techs. Inc.*, 645 F.3d 201, 209-10 (3d Cir. 2011)).

Ellett stay relief to obtain an agreed judgment; (ii) authorizes the Trustee to transfer whatever interest the estate has in any claims the Debtor had against Mercury and Comegys as of the petition date for $2,000 (which will fund a dividend); and (iii) releases the estate from any liability that would otherwise potentially arise in the wrongful death action. It is the role of the state court to determine whether the $2 million consent judgment is fair and reasonable or whether Ellett has authority to settle the wrongful death claim.

For that reason, this Court is not making any finding as to the reasonableness of the $2 million consent judgment. Nor could it. That issue has not been actually litigated in this case. Besides, the amount of the consent judgment is neither critical nor necessary to this Court's ruling. In fact, that issue is not even before this Court. So the Court's ruling on the motion to compromise should have no impact whatsoever on the state court's determination as to the reasonableness of the proposed consent judgment. And in any case, it certainly is not collateral estoppel as to that issue.[11] Other courts have rejected standing to object to a compromise on facts similar to those in this case.[12]

In *In re Huggins*, for instance, John Konvalinka (who was not a creditor) objected to a proposed compromise between the chapter 7 trustee and Ellsworth McKee pursuant to which the parties agreed that McKee's claim would be allowed in full but that a portion of it would be

---

[11] *In re Electric Machinery Enters., Inc.*, 416 B.R. 801, 867 (Bankr. M.D. Fla. 2009) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1548 n.8 (11th Cir. 1986)) (setting forth elements of collateral estoppel).

[12] *In re Huggins*, 460 B.R. 714, 719 (Bankr. E.D. Tenn. 2011); *Stark v. Moran (In re Moran)*, 2010 WL 1766874, at *2 (B.A.P. 6th Cir. Apr. 18, 2008) (affirming bankruptcy court's finding that non-creditor lacked standing to object to compromise where bankruptcy court found that compromise "put the parties where they were before bankruptcy, thus permitting the Debtor and [the creditor] to proceed with state court litigation unaffected by the Debtor's bankruptcy case"); *Andrews Davis Law Firm v. Lloyd (In re S. Medical Arts Cos.)*, 343 B.R. 258, 263 (10th Cir. 2006) (affirming bankruptcy court's finding that non-creditor lacked standing where compromise could not be said to preclude or predispose a result in litigation involving the non-creditor but merely preserved that litigation for determination in another forum).

subordinated to the claims of other unsecured creditors.[13] Konvalinka had previously purchased a

claim against McKee pending in state court from the debtor's estate. Konvalinka argued that he

had standing to object to the compromise because the proposed compromise would diminish the

value of the claim he purchased from the estate since McKee could assert his allowed claim as a

setoff to the pending state court claim. Initially, the bankruptcy court noted that the premise

underlying that argument was that allowance of McKee's claim in the bankruptcy case would

establish the validity and amount of that claim in the state court case.[14]

The *Huggins* court then rejected the argument that res judicata would preclude

Konvalinka from challenging the validity and amount of McKee's claim.[15] The *Huggins* court

correctly observed that res judicata only barred parties or their privies from relitigating issues

that were or could have been raised. And the *Huggins* court concluded—again correctly—that

Konvalinka was not a party to the bankruptcy proceeding and was not in privity with the trustee.

In fact, the interests of the trustee and Konvalinka were completely at odds. The trustee, on the

one hand, was concerned with maximizing the distribution of the debtor's assets, while

Konvalinka, on the other hand, sought to eradicate McKee's claim. Because Konvalinka was not

a creditor and would not be barred from litigating the amount and validity of McKee's claim, the

*Huggins* court held that Konvalinka did not have a pecuniary interest that could confer standing

on him to object to the compromise.[16] That same analysis applies with equal force here.

Even if Comegys and Mercury did have standing, none of their three objections warrant

disapproving the parties' compromise. For starters, the parties' compromise is not a sale. To be

---

[13] *In re Huggins*, 460 B.R. at 719.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 720.

sure, there is a transfer of estate assets (potential claims against Comegys and Mercury) for monetary consideration ($2,000). And if that were the only term of the parties' compromise, the Court might be inclined to agree the transaction is a sale. But there is another critical term: Ellett has agreed not to seek any distribution from the estate in exchange for the agreed judgment and the assignment of the potential claims against Comegys and Mercury. That is what differentiates the proposed compromise from a sale. Accordingly, the Court finds that the compromise is, in fact, a true settlement agreement.

And the court concludes that agreement is fair and equitable and in the best interests of the estate.[17] In making that determination, the Court must look to the *Justice Oaks* factors.[18] Those factors are: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interests of the creditors and a proper deference to their reasonable views.[19] After reviewing the *Justice Oaks* factors, the Court finds that the compromise should be approved.

In particular, the parties' compromise releases the estate from any liability for the wrongful death claim, while at the same time funding a small dividend to the administrative and unsecured creditors. Absent the parties' compromise, there would almost certainly be no dividend paid to administrative and unsecured creditors. The parties' compromise also allows the estate to avoid the expense and inconvenience of having to defend the wrongful death claim. Significantly, no creditor has objected to the proposed compromise.

---

[17] *Rivercity v. Heprel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1990).

[18] *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

[19] *Id.* at 1549.

In fact, the only objections to the parties' compromise are by Comegys and Mercury. But, for the reasons discussed above, those objections—both that the proposed judgment amount is not representative of Ellett's actual damages and that Ellett does not have the right to settle the wrongful death claim absent Mercury's consent—are issues for the for the state court to determine. And they do not warrant disapproving an otherwise fair and equitable compromise that is in the best interest of the estate.

Conclusion

Because the compromise releases the estate from any wrongful death liability and funds a dividend to administrative and unsecured creditors, the Court finds that the compromise is fair and reasonable and in the best interest of the estate. Accordingly, it is

**ORDERED**:

1.      The Trustee's Motion is GRANTED.

2.      Ellett is granted relief from the automatic stay to obtain an agreed judgment against the Debtor.

3.      The Trustee is authorized to assign any claims that the Debtor had against Mercury and Comegys on the date of the petition to Ellett for $2,000.

4.      Ellett is not entitled to any distribution from the estate.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____.

October 02, 2012

_____
Michael G. Williamson
United States Bankruptcy Judge

Copies to:

**Larry S. Hyman**
Trustee

**Lara Roeske Fernandez, Esq.**
**Trenam, Kemker, Scharf, Barkin,**
  **Frye, O'Neill & Mullis, P.A.**
Attorneys for Ronald Ellett, as Personal Representative
of the Estate of Daryl T. Ellett

**David R. Softness, Esq.**
**David R. Softness, P.A.**
and
**Sally H. Seltzer, Esq.**
**Marlow, Connell, Abrams, Adler, Newman & Lewis**
Attorneys for Comegys Insurance Agency, Inc.

**Kathy J. Maus, Esq.**
**Butler Pappas Weihmuller Katz Craig LLP**
Attorneys for Mercury Insurance Company of Florida